[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 17, 1995 Date of Application January 17, 1995 Date Application Filed January 20, 1995 Date of Decision January 23, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Middlesex, G.A. 9.
Docket No. CR93-123506.
Julian Schlesinger, Esq. Defense Counsel, for Petitioner.
Russell Zentner, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of guilty, petitioner was convicted of criminal attempt to commit assault in the first degree in CT Page 1287-S violation of General Statutes § 53a-59(a)(1) and 53a-49; reckless endangerment in violation of § 53a-63(a) and threatening in violation of § 53a-62(a)(1). As a result of such conviction a sentence of fifteen years execution suspended after ten years with five years probation was imposed on the first count. Concurrent sentences of one year were imposed on the two remaining counts. The total effective sentence was fifteen years execution suspended after ten years with five years probation. Certain terms and conditions were added to the probation requirements.
The facts underlying petitioner's conviction indicate that on November 16, 1992, petitioner and his younger brother were together when a fist fight broke out between the younger brother and a third party. When a spectator approached the fighters and attempted to break up the altercation, petitioner fired one shot into this party's head from close range.
Petitioner's attorney argued that the sentence imposed was excessive and should be reduced. He pointed out that at the time of the offense, petitioner was eighteen years of age with only one youthful offender conviction. The attorney pointed out that the victim had a much more serious criminal record and petitioner was merely trying to assist his brother. The attorney further pointed out that the presentence investigation indicated petitioner had a great deal going for him. He had been a good student and obtained good grades in adult education and had received his G.E.D. It was argued that under all circumstances the ten year sentence was excessive and should be reduced. It was suggested that a five year sentence would be more appropriate.
Speaking on his own behalf, petitioner accepted responsibility and stated that he was sorry for what he had done.
The state's attorney argued against any reduction in sentence. He pointed out that petitioner originally had been charged with criminal attempt to commit murder and assault in the first degree. He also pointed out that there were a number of versions as to what happened at the time of the shooting. The state claims that eye witnesses indicated the victim was attempting to break up the fight and tried to back away when petitioner shot him. The state's attorney also argued that at the time of sentencing petitioner did not CT Page 1287-T accept responsibility for his actions. It was stated that the sentence imposed was reasonable and should not be modified.
In imposing sentence, the judge took into consideration the favorable aspects of petitioner's prior life and considered his potential. The judge commented, however, that petitioner's carrying and use of a firearm was the factor which made this offense most serious. The judge took into consideration the danger to the general public which results from young men carrying firearms and using them to settle disputes.
Considering the nature of the offense committed here and the requirement of protecting the public and deterring others from such criminal activity, it cannot be found that the sentence imposed was inappropriate or disproportionate. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.